298 So.2d 92

**Levon KING, Jr., alias**

**v.**

**STATE.**

**3 Div. 256.**

Court of Criminal Appeals of Alabama.

July 16, 1974.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Rosa Gunter Hamlett, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for burglary of an inhabited dwelling house, convicted therefor by a jury, and sentenced to ten years imprisonment.

Prior to trial the defendant, through his appointed attorney, filed a motion, verified by the defendant, to quash the indictment. He filed another motion to quash the trial venire, also verified by the defendant. The ground of each motion was that the jurors, both on the grand jury and the trial venire, were selected from a jury roll or box of Montgomery County from which eligible Negroes "are excluded by reason of their race, in violation of the defendant's right to equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States."

The trial court heard both motions, which were submitted on stipulated facts, and denied each of them.

The stipulated facts are as follows:

"1. That defendant Levon King is a member of the Negro race.

2. 83,055 people in Montgomery County, Alabama, are between the ages of twenty-one years and sixty-five years.

3. That the jury roll of Montgomery County, Alabama, contains the names of 7,400 persons and that 6,468 of these are on jury cards placed in the jury box of Montgomery County, Alabama.

4. That 12% of the persons on the jury roll are Negro and that 30.7% of the people in Montgomery County, Alabama, eligible by age for jury service, are Negro, according to Judge Frank Johnsons' decree."

This court in Carter v. State, Ala.Cr. App., 53 Ala.App. 43, 297 So.2d 175, ruled on motions of the defendant the same as here involved and based on practically the same stipulated facts. The trial court in *Carter,* as in the instant case, denied the motions.

■■ We observed in *Carter:*

"Neither the jury roll nor the venire need be a perfect mirror of the community nor accurately reflect the proportionate strength of every identifiable group. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Carter v. Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L. Ed.2d 549; Mitchell v. State, 50 Ala.App. 121, 277 So.2d 395.

"In *Swain,* supra, Mr. Justice White writing for the majority said:

" ' "Venires drawn from the jury box made up in this manner unquestionably contained a smaller proportion of the Negro community than of the white community. But a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn. * * *" ' "

"*Swain* was followed by this court in Junior v. State, 47 Ala.App. 518, 257 So.2d 844, and *Mitchell,* supra.

"The trial court did not err in overruling all motions made and filed by appellant

concerning the jury roll and the jury box of Montgomery County, including the motion for a continuance based on the Federal court order and decision."

On authority of *Carter,* supra, we hold that the trial court in the instant case did not commit error in overruling the motions to quash. For further discussions on the race issue concerning jurors, see Brantley v. State, Ala.Cr.App., 54 Ala.App. ——, —— So.2d ——.

There are no other contentions of error that appellant here asserts. We find no errors here. The judgment is due to be affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

ALMON, TYSON and HARRIS, JJ., concur.